UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA LYNN LOPEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>H. SMITH,<br><br>　　　　Defendant. | Case No. 1:23-cv-01618-JLT-EPG (PC)<br><br>ORDER REGARDING EARLY SETTLEMENT CONFERENCE<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING<br><br>(ECF NO. 20)<br><br>ORDER DIRECTING CLERK TO SERVE SUPERVISING DEPUTY ATTORNEY GENERAL LAWRENCE BRAGG WITH A COPY OF:<br>　1) PLAINTIFF'S COMPLAINT (ECF NO. 1);<br>　2) THE SCREENING ORDER (ECF NO. 9);<br>　　 AND<br>　3) THIS ORDER |

　　Plaintiff Jessica Lynn Lopez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed her initial complaint on November 16, 2023. (ECF. No. 1.) Following screening the case proceeds against Defendant H. Smith on the First Amendment retaliation claim (ECF Nos. 9, 12, 15). Defendant Smith has waived service of process (ECF No. 19).

1

On July 10, 2024, Defendants filed a Motion for Extension of Time (ECF No. 20), asking for an additional 45 days to file a responsive pleading on the ground that due to counsel's workload, counsel has not "yet been able to discuss Plaintiff's complaint with the defendant in this matter, fully investigate Plaintiff's allegations, and prepare an appropriate response." (ECF No. 20 at 4). The Court will grant the extension as specified below.

Additionally, the Court will order a settlement conference before scheduling this case. Defense counsel is directed to consider Plaintiff's claim(s) and to speak with Plaintiff following this order.[1] If, after investigating Plaintiff's claim(s) and speaking with Plaintiff, and conferring with defense counsel's supervisor, defense counsel in good faith finds that a settlement conference would not be productive at this time, defense counsel may opt out of this settlement conference by filing **a notice** (a motion is unnecessary) with the Court, in which case the matter will proceed without an early settlement conference.

If defense counsel opts out of the settlement conference, or if the case does not settle at the conference, the case will proceed to litigation.[2]

If defense counsel does not opt out, the Court will issue separate order(s) setting the settlement conference and detailing the pre-settlement conference procedures in due course.

Within fourteen days after the issuance of the order setting the settlement conference, in order to better inform all parties and have a meaningful conference, the Court is requiring that both parties disclose certain documents to each other about the case, as listed below. These documents are relevant to the case and will most likely be disclosed in discovery shortly if this case proceeds to litigation.[3]

Accordingly, **IT IS ORDERED** that:

1. Defendant's Motion for Extension of Time to file a responsive pleading (ECF

---

[1] The parties may confer by letter.

[2] If the case proceeds to a settlement conference, the Court will not schedule the case until after the settlement conference is held.

[3] If any party has a legal objection to providing a particular document, that party shall file and serve a notice describing its objection.

No. 20) is GRANTED. Defendant shall file a responsive pleading within fourteen days after either 1) the settlement conference is held or 2) Defendant files a notice to opt-out of settlement conference.

2. Within forty-five days from the date of service of this order, the assigned Deputy Attorney General shall either: (1) file a notice stating that Defendant(s) opt out of the settlement conference; or (2) contact ADR Coordinator Sujean Park (spark@caed.uscourts.gov) to schedule the settlement conference. If the assigned Deputy Attorney General does not opt out of the settlement conference, the Court will issue an order setting a settlement conference. That order will include the date of the conference and the Magistrate Judge who will oversee the conference, and may also include procedures required by that Judge.[4]

3. If a settlement conference is set, no later than fourteen days after the date of service of the order setting the settlement conference, each party shall send the other parties, or their attorneys (if represented), the documents listed below. The parties only need to provide documents related to the claim(s) that the Court allowed to proceed past the screening stage. Additionally, defense counsel does not need to include any documents that defense counsel believes are confidential or subject to the official information privilege. Plaintiff does not need to request any documents from the institution at this time. Plaintiff only needs to provide these documents if Plaintiff already has them in his or her possession.

   a. Documents regarding exhaustion of Plaintiff's claims, including 602s, Form 22s, and responses from the appeals office;
   b. All non-confidential documents regarding Rules Violation Reports, if any exist, associated with the incident(s) alleged in the complaint, including incident reports, disciplinary charges, and findings;

---

[4] The undersigned will not be the Magistrate Judge overseeing the settlement conference.

   Additionally, the parties may send any other documents related to the case that the parties believe will assist in the settlement conference. However, the parties may not request any other documents until discovery has been opened.

4. The parties are reminded to keep the Court informed of their current address. Any change of address must be reported promptly to the Court in a separate document captioned for this case and entitled "Notice of Change of Address." *See* L.R. 182(f).

5. The Clerk of Court shall serve Supervising Deputy Attorney General Lawrence Bragg with a copy of: (1) Plaintiff's complaint (ECF No. 1); (2) the screening order (ECF No. 9); and (3) this order.

IT IS SO ORDERED.

Dated: **July 16, 2024**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE